BLANK ROME LLP
Kenneth L. Bressler
Barry N. Seidel
Evan J. Zucker
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Taberna Preferred Funding IV, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:

    TABERNA PREFERRED FUNDING IV, LTD.,

                     Alleged Debtor.

---------------------------------------------------------------x
TABERNA PREFERRED FUNDING IV, LTD.,

                 Interpleader Plaintiff,

                    v.

OPPORTUNITIES II LTD., HH HOLDCO CO-INVESTMENT FUND, L.P., REAL ESTATE OPPS LTD., KL FUND II, HILDENE OPPORTUNITIES MASTER FUND II, LTD., WATERFALL ASSET MANAGEMENT LLC, INVESTORS TRUST ASSURANCE SPC, AND CITI GLOBAL MARKETS INC.,

               Interpleader Defendants.

---------------------------------------------------------------x

Chapter 11
Case No. 17-11628 (MKV)

Adv. Pro. No. 17-_____ (MKV)

**<u>INTERPLEADER COMPLAINT</u>**

Interpleader Plaintiff Taberna Preferred Funding IV, Ltd. ("Taberna IV") is an entity that has issued collateralized debt obligations and is the alleged debtor in the above-referenced bankruptcy case. It brings this Complaint to resolve conflicting demands as to the rights to the collateral securing notes issued to its creditors. On one side, the junior creditors claim that the senior creditors filed the involuntary petition (the "Petition") to accelerate payments to them by liquidating the collateral that secures both the senior and junior creditors' notes. According to the junior creditors, acceleration would result in the senior creditors being paid in full, while the junior creditors would be deprived of their own property rights to the collateral. Having raised various issues as to the impropriety of the Petition, the junior creditors demand that Taberna IV move to dismiss the Petition. On the other side, the senior creditors claim that they have the contractual right to file the Petition and argue that Taberna IV does not have a basis for contesting the Petition and requests that Taberna IV consent to the Petition.

## PARTIES

1.  Taberna IV is an exempted company incorporated under the laws of the Cayman Islands that issued tranches of secured notes aggregating more than $630 million (the "Notes") in December 2005. Notes of all tranches are secured by the same pool of assets.

**The Parties that Filed the Petition**.

2.  Upon information and belief, defendant Opportunities II Ltd. ("Opportunities") is an exempted company incorporated under the laws of the Cayman Islands with its principal place of business at Fifth Floor, Zephyr House, 122 Mary Street, George Town, PO Box 31493, Grand Cayman KY1-1206, Cayman Islands. Opportunities claims to be a holder of Class A-1 First Priority Senior Notes issued by Taberna IV and is one of the creditors that filed the Petition.

3.  Upon information and belief, HH Holdco Co-Investment Fund, L.P. ("HoldCo") is a Delaware limited partnership with its principal place of business at 850 Burton Road, Suite

201, Dover, Delaware 19904.  HoldCo claims to be a holder of Class A-1 First Priority Senior Notes issued by Taberna IV and is one of the creditors that filed the Petition.

4. Upon information and belief, Real Estate Opps Ltd. ("Real Estate Opps") is an exempted company incorporated under the laws of the Cayman Islands with its principal place of business at Fifth Floor, Zephyr House, 122 Mary Street, George Town, PO Box 31493, Grand Cayman KY1-1206, Cayman Islands.  Real Estate Opps claims to be a holder of Class A-1 First Priority Senior Notes issued by Taberna IV and is one of the creditors that filed the Petition.  (Opportunities, HoldCo and RealEstate Opps collectively will be referred to as the "Petitioning Creditors.")

**The Parties that Object to the Petition.**

5. Upon information and belief, defendant KL Fund II ("KL Fund") is an exempted company with its principal place of business at Walkers SPV Limited, Walker House, 87 Mary St., George Town, Grand Cayman, KY1-9002.  KL Fund claims to be a holder of Notes that are junior to the Notes claimed to be held by the Petitioning Creditors and is one of the creditors claiming an interest in the collateral and demanding that Taberna IV move to dismiss the Petition.

6. Upon information and belief, Hildene Opportunities Master Fund II, Ltd. ("Hildene") is an exempted company incorporated under the laws of the Cayman Islands with its principal place of business at 700 Canal Street, Suite 12C, Stamford, CT 06902.  Hildene claims to be a holder of Notes that are junior to the Notes claimed to be held by the Petitioning Creditors and is one of the creditors claiming an interest in the collateral and demanding that Taberna IV move to dismiss the Petition.

3

7. Upon information and belief, Waterfall Asset Management LLC ("Waterfall") is a limited liability corporation with its principal place of business at 1140 Avenue of the Americas, 7th Floor, New York, NY 10036.  Waterfall claims to be a holder of Notes that are junior to the Notes claimed to be held by the Petitioning Creditors and is one of the creditors claiming an interest in the collateral and demanding that Taberna IV move to dismiss the Petition.

8. Upon information and belief, Investors Trust Assurance SPC ("Investors Trust") is a special purpose corporation with its principal place of business at Suite 4210, 2nd Floor, Canella Court, Camana Bay, PO Box 32203, Grand Cayman, KY1-1208, Cayman Islands. Investors Trust claims to be a holder of Notes that are junior to the Notes claimed to be held by the Petitioning Creditors and is one of the creditors claiming an interest in the collateral and demanding that Taberna IV move to dismiss the Petition.

9. Upon information and belief, Citi Global Markets Inc. ("CGMI") is a corporation with its principal place of business at 390 Greenwich St, New York, NY 10013.   CGMI claims to be a holder of Notes that are junior to the Notes claimed to be held by the Petitioning Creditors and is one of the creditors claiming an interest in the collateral and demanding that Taberna IV move to dismiss the Petition. (Defendants KL Fund, Hildene, Waterfall, Investors Trust, and CGMI collectively will be referred to as the "Junior Creditors.")

## JURISDICTION AND VENUE

10. The Court has jurisdiction to consider this matter pursuant to  28 U.S.C. §§ 157 and 1334 and the *Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11*, dated July 10, 1984 (Ward, Acting C.J.) as amended by *Standing Order M-431*, dated February 1, 2012 (Preska, C.J.) and is brought under Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Federal

4

Rule of Civil Procedure 22, as made applicable to this adversary proceeding by Rule 7022 of the Bankruptcy Rules.

11. Venue is proper in this district under 28 U.S.C. § 1409(a) as it is a proceeding arising in or related to a case under title 11 pending in this judicial district.

**FACTS**

12. Taberna IV was formed in 2005 to issue collateralized debt obligations comprised of notes issued under an Indenture dated as of December 23, 2005 (the "Indenture"). The proceeds from the issuance were used primarily to purchase subordinated debt securities (the "Collateral") issued by entities in the real estate and home building industries, with the payments on the Collateral used to repay principal and interest on various tranches of Notes.

13. For various reasons unrelated to this Complaint, the underlying Collateral performed poorly, and in 2009 Taberna IV defaulted under the Indenture and the Notes were accelerated.

14. As of May 5, 2017, the aggregate outstanding principal amount owed on the Class A-1 First Priority Senior Notes issued by Taberna IV was approximately $137 million, and the aggregate outstanding principal amount owed to all holders of Notes issued by Taberna IV that are junior to such Class A-1 First Priority Senior Notes was approximately $380 million; the outstanding principal balance of trust secured and other debt securities constituting substantially all of the Collateral was approximately $356 million (of which approximately $117 million was in default). The Collateral secures the Notes owned by the Petitioning Creditors and the Junior Creditors. The Indenture sets forth the timing and manner of the liquidation of the Collateral, particularly after an Event of Default has occurred.

15. On June 12, 2017, the Petitioning Creditors, claiming to own one hundred percent of the most senior Notes, filed the Petition. Prior to filing the Petition, the Petitioning Creditors expressed their view that Taberna IV had no basis for objecting to the Petition.

16. In the days immediately following the filing of the Petition, entities, claiming to be holders of Notes junior to those claimed to be held by the Petitioning Creditors, have demanded that Taberna IV move to dismiss the Petition. They claim that the Petitioning Creditors filed the Petition to obtain accelerated payment on their Notes, which acceleration would deprive Junior Creditors of their own property rights in the Collateral. In order to protect their rights in the Collateral, the Junior Creditors demanded that Taberna IV move to dismiss the Petition. At the same time, the Petitioning Creditors claim that Taberna IV has no basis for making such a motion.

17. On June 19, 2017, KL Fund demanded that the directors of Taberna IV "resist the bankruptcy application" and that failure to do so would be "a dereliction of your duties to us." According to KL Fund's demand, "[t]he application for bankruptcy is we believe an attempt by the senior noteholders to obviate the obligations of the company set out in the indenture at the time of issuance." (Exhibit A).

18. On June 20, 2017, Hildene demanded that the directors of Taberna IV oppose the involuntary petition as required by their "fiduciary duty to all Noteholders." According to Hilldene's demand:

> [t]he Petitioners' filing of the petition is invalid for a number of reasons, including that the Petitioners are not authorized to seek such relief under the Indenture, the Petitioners are not eligible creditors under Section 303 of the Bankruptcy Code, the Petitioners' filing of the involuntary petition was in bad faith and the filing of the involuntary petition is contrary to the best interests of all the Noteholders of Taberna (including [Hildene]).

(Exhibit B).

6

19. On June 19, 2017, Waterfall informed Taberna IV that it "expects that the Board of Directors of Taberna IV will exercise its fiduciary and contractual duties to protect all noteholders of the trust and vigorously contest this improper [involuntary petition]".  (Exhibit C).

20. On June 26, 2017, Investors Trust claimed that "[t]he bankruptcy filing must be opposed as it is wholly inconsistent with the interests of all noteholders" and requested that Taberna IV's directors "ensure that action is taken to seek a dismissal of the bankruptcy, thus avoiding the costly and time consuming court process, as well as fulfilling the fiduciary duty of the Issuer to protect the interests of all noteholders." (Exhibit D).

21. Also on June 26, 2017, CGMI informed the directors of Taberna IV that it believes "that it is your obligation to direct [Taberna IV] to object to the involuntary filing, which was filed improperly, in violation of the terms of the Indenture and in bad faith." (Exhibit E).

22. The Junior Creditors argue that Taberna IV must contest the Petition on various grounds including (a) that the Petition was filed in violation of the Indenture, (b) less than the statutorily required three entities filed the Petition, and (c) the Petitioning Creditors filed the Petition in bad faith.  Taberna IV takes no position as to the merits of the Junior Creditors' contentions that the Petition is not appropriate and should be dismissed.

## AS AND FOR A CAUSE OF ACTION

23. Taberna IV repeats and realleges its allegations set forth in paragraphs 1 – 22 above as if fully set forth herein.

24. Taberna IV is faced with competing demands regarding the Petitioning Creditors' and the Junior Creditors' property rights in the Collateral that requires Taberna IV to take, or not take, action that will subject it to liability regardless of the action it takes.  Taberna IV brings this

7

Complaint to allow the parties with competing claims to present their positions to this Court to determine whether the Petition should be dismissed.

    WHEREFORE, Taberna IV respectfully requests that this Court:

    a.    Order each defendant to interplead their claims as to the propriety of the Petition;

    b.    Discharge Taberna IV from any and all liability concerning the claims raised by defendants;

    c.    Dismiss Taberna IV from this adversary proceeding with prejudice; and

    d.    Grant such further relief that this court may deem just and proper.

Dated: New York, New York
       June 29, 2017

                              BLANK ROME LLP

                              By:    /s/ Barry N. Seidel
                                        Kenneth L. Bressler
                                        Barry N. Seidel
                                        Evan J. Zucker
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        Tel.: (212) 885-5000
                                        Fax: (212) 885-5001
                                        kbressler@blankrome.com
                                        bseidel@blankrome.com
                                        ezucker@blankrome.com

                              *Attorneys for Taberna Preferred Funding IV, Ltd.*